FILED
CLERK, U.S. DISTRICT COURT

4/19/21

CENTRAL DISTRICT OF CALIFORNIA
BY: ____WH____ DEPUTY

LINK 48 (4/26)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DAVID N. OSEGUEDA, ISHMAIL CALVIN ROSS, aka CALVIN ROSS, ZACHARY R. LOGAN, and JESSICA SNYDER, fka JESSICA GUTIERREZ,<br><br>　　　　Defendants. | Case No. 2:19-cv-04348-PSG-AGR<br><br>**[PROPOSED]** **FINAL JUDGMENT AS TO JESSICA SNYDER** |

| | |
|---|---|
| 1 | This matter came before the Court upon Plaintiff Securities and Exchange |
| 2 | Commission's ("SEC") Motion for Final Judgment against defendant Jessica Snyder. |
| 3 | The Court, having considered the memoranda and evidence filed by the parties, and |
| 4 | all other argument and evidence presented to it, and good cause appearing therefore, |
| 5 | grants the SEC's Motion and enters this Final Judgment as to Jessica Snyder |
| 6 | ("Defendant"). |

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

1

1  Defendant is permanently restrained and enjoined from violating Section 17(a) of the
2  Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale
3  of any security by the use of any means or instruments of transportation or
4  communication in interstate commerce or by use of the mails, directly or indirectly:
5      (a)    to employ any device, scheme, or artifice to defraud;
6      (b)    to obtain money or property by means of any untrue statement of a
7  material fact or any omission of a material fact necessary in order to make the
8  statements made, in light of the circumstances under which they were made,
9  not misleading; or
10     (c)    to engage in any transaction, practice, or course of business which
11 operates or would operate as a fraud or deceit upon the purchaser.
12     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
13 provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
14 binds the following who receive actual notice of this Judgment by personal service or
15 otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and
16 (b) other persons in active concert or participation with Defendant or with anyone
17 described in (a).
18                                         III.
19     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant
20 to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e)
21 of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited permanently from
22 acting as an officer or director of any issuer that has a class of securities registered
23 pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to
24 file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].
25                                         IV.
26     IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
27 Defendant is permanently barred from participating in an offering of penny stock,
28 including engaging in activities with a broker, dealer, or issuer for purposes of

1 | issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $100,000 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

    Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center  
    Accounts Receivable Branch  
    6500 South MacArthur Boulevard  
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ishmail Calvin Ross as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

    Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

3

| | |
|---|---|
| 1 | The Commission may enforce the Court's judgment for penalties by the use of |
| 2 | all collection procedures authorized by law, including the Federal Debt Collection |
| 3 | Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the |
| 4 | violation of any Court orders issued in this action. Defendant shall pay post |
| 5 | judgment interest on any amounts due after 30 days of the entry of this Final |
| 6 | Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, |
| 7 | together with any interest and income earned thereon (collectively, the "Fund"), |
| 8 | pending further order of the Court. |
| 9 | The Commission may propose a plan to distribute the Fund subject to the |
| 10 | Court's approval. Such a plan may provide that the Fund shall be distributed |
| 11 | pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of |
| 12 | 2002. The Court shall retain jurisdiction over the administration of any distribution |
| 13 | of the Fund and the Fund may only be disbursed pursuant to an Order of the Court. |
| 14 | Regardless of whether any such Fair Fund distribution is made, amounts ordered to |
| 15 | be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid |
| 16 | to the government for all purposes, including all tax purposes. To preserve the |
| 17 | deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of |
| 18 | any award of compensatory damages in any Related Investor Action based on |
| 19 | Defendant's payment of disgorgement in this action, argue that [it, he, she] is entitled |
| 20 | to, nor shall he further benefit by, offset or reduction of such compensatory damages |
| 21 | award by the amount of any part of Defendant's payment of a civil penalty in this |
| 22 | action ("Penalty Offset"). If the court in any Related Investor Action grants such a |
| 23 | Penalty Offset, Defendant shall, within 30 days after entry of a final order granting |
| 24 | the Penalty Offset, notify the Commission's counsel in this action and pay the amount |
| 25 | of the Penalty Offset to the United States Treasury or to a Fair Fund, as the |
| 26 | Commission directs. Such a payment shall not be deemed an additional civil penalty |
| 27 | and shall not be deemed to change the amount of the civil penalty imposed in this |
| 28 | Judgment. For purposes of this paragraph, a "Related Investor Action" means a |

private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: April 19, 2021

_____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

5

|   |   |
|---|---|
| 1 | **PROOF OF SERVICE** |

I am over the age of 18 years and not a party to this action.  My business address is:

      U.S. SECURITIES AND EXCHANGE COMMISSION,
      444 S. Flower Street, Suite 900, Los Angeles, California 90071
      Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On March 18, 2021, I caused to be served the document entitled **[PROPOSED] FINAL JUDGMENT AS TO JESSICA SNYDER** on all the parties to this action addressed as stated on the attached service list:

☒   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

      I declare under penalty of perjury that the foregoing is true and correct.

Date: March 18, 2021               */s/ Lynn M. Dean*
                                          LYNN M. DEAN

*SEC v. Osegueda, et al.*
**United States District Court – Central District of California**
**Case No. 2:19-cv-04348-PSG-AGR**

**SERVICE LIST**

Jonathan A. Loeb, Esq. (by ECF)
Martin A. Krezalek, Esq.
Blank Rome LLP
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
(424) 239-3400
jloeb@blankrome.com
mkrezalek@blankrome.com
***Attorneys for Defendant Ishmail Calvin Ross***


Jessica Snyder (by U.S. mail)
P.O. Box 493
Avondale, AZ 85323
***Defendant Jessica Snyder (Pro Se)***